# EXHIBIT 1

E-FILED IN OFFICE - EF
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04683-S1**
6/25/2021 1:51 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of <u>GWINNETT</u> County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number  21-C-04683-S1 |
| MM-DD-YYYY | |

**Plaintiff(s)**
Anderson, Sheila

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Michaels Stores, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| The Landing at Arbor Place II, LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Kenneth B. Crawford</u>   **Bar Number** <u>194103</u>   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

opy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-04683-S1
6/25/2021 1:51 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHEILA ANDERSON,

    Plaintiff,

v.

MICHAELS STORES, INC. and
THE LANDING AT ARBOR
PLACE II, LLC,

    Defendants.

CIVIL ACTION FILE
NO.:

**21-C-04683-S1**

**12 Person Jury Trial Demanded**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:   Michaels Stores, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

    HARTLEY, ROWE AND FOWLER, P.C.
    Attn: Kenneth B. Crawford
    P.O. Box 489
    Douglasville, GA 30133

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint.

This 25TH day of JUNE , 2021.

D/ **Clerk of State Court**

{00809339-1;}

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04683-S1**
**6/25/2021 1:51 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHEILA ANDERSON,                          :
                                          :
    Plaintiff,                        :
                                          :    CIVIL ACTION FILE
v.                                        :    NO.:_____
                                          :
MICHAELS STORES, INC. and                 :    **21-C-04683-S1**
THE LANDING AT ARBOR                      :
PLACE II, LLC,                            :
                                          :    **12 Person Jury Trial Demanded**
    Defendants.                       :

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    The Landing at Arbor Place II, LLC

    **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

        HARTLEY, ROWE AND FOWLER, P.C.
        Attn: Kenneth B. Crawford
        P.O. Box 489
        Douglasville, GA 30133

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint.**

This __25TH__ day of __JUNE_____, 2021.

_Elizabeth Brown_ (signature)
**Clerk of State Court**

{00809340-1; }

opy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04683-S1**
**6/25/2021 1:51 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHEILA ANDERSON, | ) |
| | ) |
| Plaintiff, | )   Civil Action File No. **21-C-04683-S1** _____ |
| | ) |
| v. | )   12 Person Jury Trial Demanded |
| | ) |
| MICHAELS STORES, INC. and | ) |
| THE LANDING AT ARBOR | ) |
| PLACE II, LLC, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT FOR PERSONAL INJURY**

COMES NOW, Plaintiff Sheila Anderson, and files this, her Complaint for Personal Injury

against Michaels Stores, Inc. and The Landing at Arbor Place II, LLC, showing the Court as

follows:

1.

Sheila Anderson is a citizen and resident of the State of Georgia.

2.

Defendant Michaels Stores, Inc. ("Michaels") is a Delaware corporation with its principal

place of business located at 3939 W. John Carpenter Frwy, Irving, Texas 75063. Defendant may

be served with process by serving its registered agent Corporation Service Company at 2 Sun

Court, Suite 400, Peachtree Corners, Georgia 30092.

3.

Defendant The Landing at Arbor Place II, LLC ("Landing II") is a Delaware Corporation

with its principal place of business at CBL Center, Suite 500, 2030 Hamilton Place Blvd,

{00808748-1;}

Chattanooga, TN 37421-6000. Defendant may be served with process by serving its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

Venue and jurisdiction is proper with this Court.

5.

On or about February 27, 2019, Michaels owned and operated a retail store at 2880 Chapel Hill Road, Douglasville, Georgia.

6.

On or about February 27, 2019, Landing II owned the physical premises where Michaels Store was operating out of.

7.

On or about February 27, 2019, Mrs. Anderson parked in the parking lot at Michaels and was walking into the store where there are electric-powered automatic doors.

8.

The doors were open for Mrs. Anderson as she approached.

9.

As she entered the doors at Michaels, the doors suddenly and without warning closed, striking her and causing her to fall down.

10.

When Plaintiff fell, her left knee and shoulder hit the ground with great force.

11.

Because of her fall Plaintiff sustained left humeral head fracture.

{00808748-1; }

12.

Because of her fall, Plaintiff sustained a substantial bruise on her left leg.

13.

Because of her fall, Plaintiff developed significant wound formation of the left leg with swelling, erythema, blistering and pain.

14.

Michaels is a craft-store business open to the public.

15.

Michaels is a national chain of craft stores.

16.

Landing II leased the premises to Michaels.

17.

Landing II knew or should have known that its tenant Michaels was going to open a craft store open to the public.

18.

Michaels invites the public onto its premises to shop for craft supplies and other goods and services.

19.

Plaintiff had the legal status of invitee at all times relevant to this action.

**I.      COUNT ONE - NEGLIGENCE**

20.

Michaels owed a duty to Plaintiff to keep its approaches and premises safe.

{00808748-1;}

21.

Landing II owed a duty to Plaintiff to keep its approaches and premises safe.

22.

Michaels and/or Landing II breached their duty to Plaintiff.

23.

Michaels and/or Landings II knew or should have known that the automatic doors at the front of the building were not operating correctly and posed a danger to Plaintiff.

24.

Michaels and/or Landings II were negligent in failing to maintain the automatic doors which struck Plaintiff.

25.

As a result of the negligence of Michaels and/or Landings II, Plaintiff suffered physical injury and incurred medical bills for which Defendants are liable.

26.

As a result of the negligence of Michaels and/or Landing II, Plaintiff suffered pain and suffering for which Defendants are liable.

27.

As a result of the negligence of Michaels and/or Landing II, Plaintiff has permanent disability, for which Defendants are liable.

## II.       COUNT TWO - FAILURE TO WARN

28.

Plaintiff incorporates the allegations of paragraphs 1 – XXXXX as if fully set forth herein verbatim.

29.

Michaels and/or Landings II failed to warn Plaintiff of the hazard which posed a danger to her safety.

30.

As a result of the failure to warn by Michaels and/or Landings II, Plaintiff suffered physical injury and incurred medical bills for which Defendants are liable.

31.

As a result of the failure to warn by Michaels and/or Landing II, Plaintiff suffered pain and suffering for which Defendants are liable.

32.

As a result of the failure to warn by Michaels and/or Landing II, Plaintiff has permanent disability, for which Defendants are liable.

Respectfully submitted this 25th day of June, 2021.

HARTLEY, ROWE & FOWLER, P.C.

By: */s/Kenneth B. Crawford*
Kenneth B. Crawford
Georgia State Bar No. 194103
Attorney for Plaintiff

P. O. Box 489
Douglasville, GA 30133-0489
(770) 920-2000
(770) 920-9119 (Facsimile)
kcrawford@hrflegal.com (E-mail)

{00808748-1; }

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-04683-S1
6/25/2021 1:51 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHEILA ANDERSON,                              )
                                              )
        Plaintiff,                            )        Civil Action File No. ___21-C-04683-S1___
                                              )
v.                                            )
                                              )
MICHAELS STORES, INC. and                     )
THE LANDING AT ARBOR                          )
PLACE II, LLC,                                )
                                              )
        Defendant.                            )

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:     Defendants via service with Complaint.

        Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant above named for response within 45 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

        The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

        In answering the following interrogatories, the defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant.

                                           1.

        State the name and address of any person, including any party, who, to your knowledge, information or belief:

        (a)     Was an eyewitness to the incident complained of in this action;

        (b)     Has some knowledge of any fact or circumstance upon which your defense is based;

        (c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

{00806930-1; }

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident?  If so, please state:

    (a)     Date of incident;

    (b)     Name, address and telephone number of injured person;

    (c)     Description of incident.

8.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Please state the identity of each person working on the premises with any duties for the area where this incident occurred on the date of this incident.

10.

Has any entity issued a policy of liability insurance to the defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

12.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, the policy of insurance identified in response to Interrogatory No. 8. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13.

Do you contend that the plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

14.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

15.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway,

Douglasville, GA 30134, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

18.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any and all policy and procedure manuals given to the defendant's employees. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

21.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

23.

Have their ever been any complaints made about the area where this incident occurred?  If so, please state:

    (a)    The date(s) of each complaint;

    (b)    The person(s) making each complaint;

    (c)    The nature of each complaint;

    (d)    Any action taken as a result of each complaint.

24.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any incident report or other report concerning the incident described in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

{00808930-1;}

26.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.  In lieu thereof, you may attach copies to your answers to these interrogatories.

27.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, all complaints concerning malfunctions, problems or defects with the product described in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

Please identify all individuals who handled, inspected or performed any testing on the product described in the complaint, including the following information for each individual:

    (a)    The person's name;

    (b)    The person's address;

    (c)    The person's telephone number;

    (d)    The person's current employer;

    (e)    A description of role or work performed by the individual.

29.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any report, memoranda, data, computer files, photographs, videotapes, handwritten notes, e-mails or other documents generated by any person identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

30.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway,

Douglasville, GA 30134, any videotapes of all testing on the product described in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

31.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any computer data, tracking information, complaints, records or other documents concerning any malfunctions, problems or defects concerning the product described in the complaint In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the plaintiff fell as described in the complaint? If so, state:

    (a)    The identity of the contracting parties;

    (b)    The address and telephone number of the contracting parties;

    (c)    The duties of the contracting parties.

33.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff fell. In lieu thereof, you may attach copies to your answers to these interrogatories.

34.

Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident. In regard to each employee, please state:

    (a)    The name of each person;

    (b)    The address of each person;

    (c)    The telephone number of each person;

    (d)    The shift worked by each person if an employee;

    (e)    The job duties and responsibilities of each person if an employee.

{00808930-1;}

35.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

36.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any surveillance videos taken on the day of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

39.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

{00808930-1; }

40.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

41.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

42.

Have there been any audits, inspections or evaluations of the area where the plaintiff fell for the past five years?

43.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Hartley, Rowe & Fowler, PC, 12301 Veterans Memorial Highway, Douglasville, GA 30134, any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the plaintiff fell for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This ___25th___ day of June, 2021.

HARTLEY, ROWE & FOWLER, P.C.


By: */s/Kenneth B. Crawford*
    Kenneth B. Crawford
    Georgia State Bar No. 194103
    Attorney for Plaintiff

P. O. Box 489
Douglasville, GA 30133-0489
(770) 920-2000
(770) 920-9119 (Facsimile)
kcrawford@hrflegal.com (E-mail)

{00808930-1;}

CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

SHERIFF'S ENTRY OF SERVICE

SC-85-2

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Civil Action No. **21-C-04683-S1**

Date Filed **6-25-2021**

Georgia, **Gwinnett** COUNTY

**Sheila Anderson**

_____ Plaintiff

Attorney's Address

**Kenneth B. Crawford
Hartley, Rowe + Fowler, PC
PO Box 489
Douglasville GA 30133**

VS.

**Michaels Stores Inc. and The
Landing at Arbor Place II LLC**

_____ Defendant

Name and Address of Party to be Served.

**Michaels Stores, Inc
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092
County: Gwinnett**

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant **Michaels Stores, Inc** a corporation by leaving a copy of the within action and summons with **Corporation Service Company** **along with Interrogatories** in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in the affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **6** day of **July**, 20 **21**.

**M. E. DAL 50763
Gwinnett County** DEPUTY

SHERIFF DOCKET _____ PAGE _____

Copy from re:SearchGA

WHITE-CLERK     CANARY-PLAINTIFF     PINK-DEFENDANT

Servee Count 1 of 2

Printed: 7/1/2021  2:45:26PM
By: jablackburn

## Gwinnett County Sheriff's Office
### Cover Sheet



**Sheriff #:**          21018257

**Person Served:**    MICHAELS STORES INC
                      2 SUN COURT
                      SUITE 400
                      PEACHTREE CORNERS GA 30092
                      PHONE:

**Process Information:**

Date Received:      07/01/2021

Assigned Zone:      2 Sun Court                    Court Case #:    21-C-04683-S1

Expiration Date:                                   Hearing Date:

Paper Types:        Summons

Notes/Alerts:

**Notes:**

Page 1 of 2

CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

**SHERIFF'S ENTRY OF SERVICE**                    SC-85-2

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Civil Action No. **21-C-04683-51**

Date Filed **6-25-2021**

Georgia, **Gwinnett** COUNTY

**Sheila Anderson**

Plaintiff

Attorney's Address
**Kenneth B. Crawford**
**Hartley, Rowe + Fowler, PC**
**PO Box 489**
**Douglasville GA 30133**

VS.

**Michaels Stores Inc. and The**
**Landing at Arbor Place II, LLC**

Defendant

Name and Address of Party to be Served.

**The Landing at Arbor Place II, LLC**
**c/o Corporation Service Company**
**2 Sun Court, Suite 400**
**Peachtree Corners, GA 30092**
**County: Gwinnett**

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**  ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**  ☐
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**  ☐
Served the defendant **The Landing at Arbor Place II, LLC** a corporation
by leaving a copy of the within action and summons with **Corporation Service Company**
**along with Interrogatories**
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**  ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**  ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This **6** day of **July**, 20 **4**.

**M. G. Diaz** sd **763**
**Gwinnett County**              DEPUTY

SHERIFF DOCKET_____ PAGE _____

Servee Count 2 of 2

Printed: 7/1/2021  2:45:26PM
By: jablackburn

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**  21018257

**Person Served:**  LANDING AT ARBOR PLACE II LLC
2 SUN COURT
SUITE 400
PEACHTREE CORNERS GA 30092
PHONE:

## Process Information:

Date Received:      07/01/2021

Assigned Zone:      2 Sun Court                  Court Case #:    21-C-04683-S1

Expiration Date:                                 Hearing Date:

Paper Types:        Summons

Notes/Alerts:

## Notes:

Copy from Tyler Technologies    GA_Gwinnett_Jacket.rpt

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-04683-S1**

8/5/2021 11:13 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHEILA ANDERSON,  §
  §
  Plaintiff,  §
  §  **CIVIL ACTION**
vs.  §
  §  **FILE NO. 21-C-04683-S1**
MICHAELS STORES, INC. and THE  §
LANDING AT ARBOR PLACE II, LLC,  §
  §
  Defendants.  §
  §

### DEFENDANT MICHAELS STORES, INC.'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **MICHAELS STORES, INC.**, a Defendant in the above-styled action,

and files its Answer and Affirmative Defenses to Plaintiff's Complaint, showing the Court the

following:

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the

Summons and Complaint upon this Defendant. Absent service, this Defendant is not subject to

the venue and jurisdiction of this Court. Absent personal service within the applicable statute of

limitations, Plaintiffs' claims are time barred.

### SECOND DEFENSE

This Court does not have jurisdiction over this Defendant.

### THIRD DEFENSE

Venue is improper as to this Defendant.

### FOURTH DEFFENSE

There has been insufficient process against this Defendant.

{Firm/2015/00009/PLEADING/03169854.DOCX }

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## SIXTH DEFENSE

This Defendant shows that Plaintiff's alleged injuries, if any, were the result of Plaintiff's failure to exercise ordinary care.

## SEVENTH DEFENSE

This Defendant breached no duty to Plaintiff and, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## EIGHTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

As a next Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits only that on or about February 27, 2019 it operated a retail store at 2880 Chapel Hill Road, Douglasville, Georgia.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same. To the extent that the allegations contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same. To the extent that the allegations contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same. To the extent that the allegations contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same. To the extent that the allegations

contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.  To the extent that the allegations contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

14.

This Defendant admits the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant can neither admit nor deny the allegations contained within Paragraph 16 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

17.

This Defendant can neither admit nor deny the allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

18.

This Defendant admits the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant can neither admit nor deny the allegations contained within Paragraph 19 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## I.    COUNT ONE – NEGLIGENCE

20.

This Defendant denies as pled the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant can neither admit nor deny the allegations contained within Paragraph 21 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.  To the extent that the allegations contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

22.

This Defendant denies that it breached its duty to Plaintiff.  This Defendant can neither admit nor deny the remaining allegations contained within Paragraph 22 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

## II.      COUNT TWO – FAILURE TO WARN

28.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 27 of Plaintiff's Complaint for Personal Injury, as if those responses were set forth herein by reference.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant MICHAELS STORES, INC. prays that it be discharged without costs.

**A TRIAL BY TWELVE JURORS IS DEMANDED.**

This 5th day of August, 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant Michaels Stores,
Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHEILA ANDERSON,                          §
                                          §
        Plaintiff,                        §
                                          §        CIVIL ACTION
vs.                                       §
                                          §        FILE NO. 21-C-04683-S1
MICHAELS STORES, INC. and THE             §
LANDING AT ARBOR PLACE II, LLC,           §
                                          §
        Defendants.                       §

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT MICHAELS STORES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Kenneth B. Crawford, Esq.
Hartley, Rowe & Fowler, P.C.
P.O. Box 489
Douglasville, GA  30133-0489
kcrawford@hrflegal.com
*Counsel for Plaintiff*

and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to:

The Landing at Arbor Place, II, LLC
c/o Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 5th day of August, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622

{Firm/2015/00009/PLEADING/03169854.DOCX }

(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

*Attorneys for Defendant Michaels Stores, Inc.*

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-04683-S1**

**8/5/2021 11:13 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SHEILA ANDERSON, | § § | |
| Plaintiff, | § § | CIVIL ACTION |
| vs. | § § | FILE NO. 21-C-04683-S1 |
| MICHAELS STORES, INC. and THE LANDING AT ARBOR PLACE II, LLC, | § § § | |
| Defendants. | § § § | |

## DEFENDANT MICHAELS STORES, INC.'S
## DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COMES NOW **MICHAELS STORES, INC.,** named as a Defendant in the above-styled

civil action, and files this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. §

15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

This 5th day of August, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant Michaels Stores, Inc.*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHEILA ANDERSON,                                   §
                                                   §
        Plaintiff,                                 §
                                                   §        CIVIL ACTION
vs.                                                §
                                                   §        FILE NO. 21-C-04683-S1
MICHAELS STORES, INC. and THE                      §
LANDING AT ARBOR PLACE II, LLC,                    §
                                                   §
        Defendants.                                §

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that I have this day electronically filed the within and foregoing
**DEFENDANT MICHAELS STORES, INC.'S DEMAND FOR TRIAL BY A JURY OF
TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will
automatically send e-mail notification of such filing to the following counsel of record:

Kenneth B. Crawford, Esq.
Hartley, Rowe & Fowler, P.C.
P.O. Box 489
Douglasville, GA  30133-0489
kcrawford@hrflegal.com
*Counsel for Plaintiff*

and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to:

The Landing at Arbor Place, II, LLC
c/o Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

        This 5th day of August, 2021.

                                            CRUSER, MITCHELL, NOVITZ,
                                            SANCHEZ, GASTON & ZIMET, LLP


                                            J. ROBB CRUSER
                                            Georgia Bar No. 199480
Meridian II, Suite 2000                     CANDICE R. BRYANT
275 Scientific Drive                        Georgia Bar No. 807404
Peachtree Corners, GA  30092                *Attorneys for Defendant Michaels Stores,*
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/2015/00009/PLEADING/03169865.DOCX }

rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

*Inc.*

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-04683-S
8/5/2021 11:26 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHEILA ANDERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 21-C-04683-S1** |
| **MICHAELS STORES, INC. and THE** | § | |
| **LANDING AT ARBOR PLACE II, LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT MICHAELS STORES, INC.'S
## NOTICE OF FILING NOTICE OF REMOVAL

**TO:**   **Plaintiff SHEILA ANDERSON, c/o her attorneys**

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that Defendant Michaels Stores,

Inc. has filed a Notice of Removal of the above-styled action to the United States District Court

for the Northern District of Georgia, Atlanta Division, a copy of which is attached hereto and by

reference made a part hereof.

This 5th day of August, 2021.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

*[signature]*

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant Michaels Stores,*
*Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **SHEILA ANDERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 21-C-04683-S1** |
| **MICHAELS STORES, INC. and THE** | § | |
| **LANDING AT ARBOR PLACE II, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT MICHAELS STORES, INC.'S NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Kenneth B. Crawford, Esq.
Hartley, Rowe & Fowler, P.C.
P.O. Box 489
Douglasville, GA  30133-0489
kcrawford@hrflegal.com
*Counsel for Plaintiff*

and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to:

The Landing at Arbor Place, II, LLC
c/o Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 5th day of August.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant Michaels Stores,*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/2015/00009/PLEADING/03170982.DOCX }

rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

*Inc.*